**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Frederick J. Klorczyk III (State Bar No. 320783)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
          fklorczyk@bursor.com
          jsmith@bursor.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RICK MUSGRAVE, DAVID KRAKAUER, JONATHAN RAISKIN, and ALEXIS SALVADORE, on behalf of themselves and all others similarly situated, | Case No.  8:19-cv-01538-JLS-ADS |
|  | **PLAINTIFFS' NOTICE OF RELATED CASE** |
| Plaintiffs, | **[L.R. 83-1.3]** |
| v. |  |
| HYUNDAI MOTOR AMERICA, INC., HYUNDAI MOTOR COMPANY, KIA MOTORS AMERICA, INC., KIA MOTORS CORPORATION, |  |
| Defendants. |  |

Pursuant to Local Rule 83-1.3, Plaintiffs Rick Musgrave, David Krakauer, Jonathan Raiskin, and Alexis Salvadore ("Plaintiffs"), hereby give notice of two related actions pending in the Central District of California:  *In re: Kia Engine Litigation*, Case No. 8:17-cv-00838-JLS-JDE ("*In re Kia*"), and *Flaherty et al v. Hyundai Motor Co. et al.*, Case No. 8:18-cv-02223-JLS-JDS.  Both *In re Kia* and *Flaherty* are pending before the Honorable Josephine L. Staton and have already been related.

This action, *In Kia*, and *Flaherty* necessarily arise, at least in part, from the same or closely related events and call for determination of similar questions of law and facts because the parties in *In re Kia* have announced that they have reached a class settlement that purportedly resolves all or a substantial portion of the claims at issue in this action.  The events that bring these three cases together are troubling, and are briefly summarized below.

In May 2017, the plaintiffs commenced their action alleging a defect in Defendants' Gasoline Direct Injection ("GDI") engines that lead to engine seizures and failure due to restricted oil flow.  Importantly, the gravamen of the complaint in *In re Kia* has little if anything to do with fires.  The allegations concerning the defect describe engine failures resulting from defective connecting rod bearings that lead to the accumulation of metal debris in the engine oil, which in turn can lead to "catastrophic engine failure" and "high-speed stalling events."  *In re Kia* Amended Consolidated Class Action Complaint (Dkt. No. 84), ¶ 89; *see also id.* ¶¶ 83-96 (describing defect at issue).  Although a few passing references to fires appear in some NHTSA reports quoted in the complaint, there are no substantive allegations that the defect causes fires, and certainly no allegations explaining how the alleged defect causes fires.  *See In re Kia* Complaint, ¶¶ 83-96.  Further, the allegations in *In re Kia* were modelled (in substantial part verbatim) on a 2015 class action challenging earlier model cars that allegedly suffered from the same engine seizure

defect, *In re: Hyundai Sonata Engine Litigation*, No. 5:15-cv-01685 (N.D. Cal.) ("*In re Hyundai*").  That earlier litigation also had nothing to do with fires.  *See In re Hyundai* Complaint, N.D. Cal. Case No. 5:15-cv-01685 (Dkt. No. 1).

Nearly a year after *In re Kia* was filed, reports began to surface regarding spontaneous engine fires occurring in a wide array of vehicles manufactured by Defendants, including models equipped with newer generations of GDI engines that are not at issue in *In re Kia*.[1]  As of June 11, 2018, NHTSA's Vehicle Owner Questionnaire database revealed that "at least 120 owners have reported that their 2011-14 [Kia] Optima, [Kia] Sorento, [Hyundai] Sonata, or [Hyundai] Santa Fe caught fire without a preceding collision.  There [we]re also 229 separate complaints regarding melted wires in the engine bay, smoke, and burning odors, indicating potential fires."[2]  The vast majority of documented complaints discussing the origin of the issue note "that smoke and/or flames are first seen emanating from the engine bay, then the car is quickly engulfed."[3]  Several people have died or been injured in the fires.  One of the plaintiffs retained by counsel here pulled her granddaughter out of the back seat of her car moments before it was engulfed in flames.

As a result of CAS' petition and consumer reports of fires, the Senate Committee on Commerce, Science, and Transportation sought to hold a hearing on November 14, 2018, entitled "Vehicle Fires: Examining an Ongoing Safety Issue."[4]  "The hearing [was supposed to] focus on motor vehicle safety issues involving

---

[1] These include the "Gamma" GDI engine, the "Nu" GDI engine, and the "Lambda II" GDI engines.

[2] *See* The Center for Auto Safety's June 11, 2018 Petition for Direct Investigation, at 1, *available at* https://www.autosafety.org/wp-content/uploads/2018/06/Center-for-Auto-Safety-Kia-Hyundai-Fire-Defect-Petition.pdf (last visited 12/2/18).

[3] *Id.*

[4] *See* https://www.abcactionnews.com/money/consumer/taking-action-for-you/kia-hyundai-automakers-to-testify-before-congress-on-car-fires-after-i-team-investigation (last visited 11/16/18).

vehicle fires.  It [was] also [supposed to] examine efforts to mitigate fires and promptly identify and respond to defects that may pose a fire risk."  However, this Congressional hearing did not go forward as planned because the CEOs for both Kia and Hyundai subsequently refused to attend the congressional hearing to explain why the cars their companies sold spontaneously burst into flames.[5]

The rash of engine fires led to a new wave of litigation against Defendants focusing on fires instead of engine seizures, beginning with the undersigned's *Musgrave, et al. v. Hyundai Motor America, Inc., et al.* action, originally filed on December 3, 2018 in the Northern District of California.  After the *Musgrave* Plaintiffs filed their action, several other plaintiffs filed other actions related to the fires, though attributing them to different causes.

This action, *In re Kia*, and *Flaherty* began to converge in late 2018.  In December 2018, the parties in *In re Kia* – but not *Flaherty* – attended a mediation and reached a settlement in principle concerning the engine seizure claims at issue in that case.  A settlement in a case about engine seizures, however, would do nothing to resolve the growing crisis over car fires.  Conveniently, shortly before the mediation, the plaintiffs in *Flaherty, et al. v. Hyundai Motor Company, et al.*, No. 8:18-cv-02223-JLS-JDE (C.D. Cal.), filed a complaint alleging for the first time that the engine seizure defect at issue in *In re Kia* and in the earlier *In re Hyundai* matters also caused non-collision fires.  That was a novel theory given that by late 2018, the engine seizure defect had been the subject of litigation and discovery in two lawsuits spanning three years (*In re Kia* and the earlier *In re Hyundai*), and nobody prosecuting those cases ever sought leave to add allegations that the engine seizure defect was also likely to cause engine fires, much less the large numbers of fires that erupted in 2018.  Meanwhile, a whistleblower from Kia has publicly come forward

---

[5] https://www.wcpo.com/news/national/kia-hyundai-ceos-refuse-to-attend-senate-hearing-to-explain-cause-of-car-fires (last visited 12/2/18).

explaining that at least some of the fires were caused by errors in Defendants' warranty and repair processes, not the engine seizure defect at issue in *In re Kia* and *Flaherty*.

After *Flaherty* was filed, the parties in *In re Kia* penciled-in additional terms in the settlement agreement to address the fire-related claims, and Defendants' counsel began informing plaintiffs in the fire-related cases that their claims would be partially or fully resolved by the settlement in *In re Kia*.  The writing on the wall is clear: Defendants sought to quickly dispense with fire-related claims, and the potential scandal that may ensue from discovery, by shoehorning fire-based claims into a settlement that had nothing to do with the fires.  Unfortunately, for reasons known only to them, the plaintiffs in *In re Kia* acquiesced instead of limiting the settlement to the allegations in their complaint.  In recent proceedings before the Judicial Panel on Multidistrict Litigation, both parties in *In re Kia* took the position that the pending settlement in *In re Kia* will resolve all or nearly all of the claims alleged in the fire-based lawsuits, including the above-captioned *Musgrave* action. That position necessarily means there is substantial overlap among the various cases, or there would be no basis to purport to settle the claims in the first place.

Dated:  August 15, 2019        **BURSOR & FISHER, P.A.**

By:_____*/s/ Frederick J. Klorczyk III*_____
        Frederick J. Klorczyk III

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Frederick J. Klorczyk III (State Bar No. 320783)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
        jsmith@bursor.com
        fklorczyk@bursor.com

*Attorneys for Plaintiffs*